**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

|  |  |  |
|---|---|---|
| ANTHONY CHAPPLE,<br>A/K/A ANTHONY ARMSTRONG, | : | **Hon. Jerome B. Simandle** |
| Petitioner, | : | Civil No. 04-0148 (JBS) |
| v. | : |  |
| DEVON BROWN, et al., | : | **O P I N I O N** |
| Respondents. | : |  |

---

**APPEARANCES:**

ANTHONY CHAPPLE
c/o ANTHONY ARMSTRONG, #563858B
East Jersey State Prison
Lock Bag R
Rahway, New Jersey  07065
Petitioner pro se

JEANNE SCREEN, Deputy Attorney General
PETER C. HARVEY, ATTORNEY GENERAL OF NEW JERSEY
Division of Criminal Justice - Appellate Bureau
P.O. Box 086
Trenton, New Jersey  08625
Attorneys for Respondents

**SIMANDLE,** District Judge

Anthony Chapple filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a judgment of conviction in the Superior Court of New Jersey.  Respondents filed an Answer and Petitioner filed a Traverse.  For the reasons expressed below, the Court dismisses the Petition with prejudice as untimely, and declines to issue a certificate of appealability.  See 28 U.S.C. §§ 2253(c), 2254(a), (b), (c).

## I.  BACKGROUND

Petitioner challenges a judgment of conviction entered on June 30, 1997, in the Superior Court of New Jersey, Law Division, Cumberland County, after a jury convicted him of aggravated assault, two counts of first degree robbery, conspiracy to commit robbery, burglary while armed with a dangerous weapon, unlawful possession of a handgun, possession of a weapon for an unlawful purpose.  The Law Division granted the State's motion for imposition of mandatory extended terms on each of the robbery counts, and sentenced Petitioner to an aggregate 50-year term of incarceration, with 16-and-two-third-years of parole ineligibility.  Petitioner appealed, and in an opinion filed on March 23, 1999, the Appellate Division of the Superior Court of New Jersey affirmed.  State v. Chapple, No. A-7190-96T4 slip op. (App. Div. Mar. 23, 1999).  On June 9, 1999, the Supreme Court of New Jersey denied certification.  State v. Chapple, 161 N.J. 149 (1999) (table).

On January 20, 2000, Petitioner executed a pro se petition for post conviction relief, which the Law Division date-stamped on April 14, 2000.  The Law Division denied relief by order entered October 31, 2000.  Petitioner appealed, and in an opinion filed January 29, 2002, the Appellate Division affirmed the order denying post conviction relief.  On May 22, 2002, the Supreme

2

Court of New Jersey denied certification. <u>State v. Chapple</u>, 172 N.J. 358 (Feb. 13, 2002) (table).

The Petition which is now before the Court does not indicate a date of execution.  The Clerk received the Petition, which did not include grounds, on January 12, 2004.  The Court notified Petitioner that the Petition was subject to summary dismissal because it did not state grounds for relief or supporting facts, notified him of the consequences of filing a petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to <u>Mason v. Meyers</u>, 208 F.3d 414 (3d Cir. 2000).  On November 19, 2004, Petitioner executed a new petition, which the Clerk received on November 23, 2004, and docketed as <u>Chapple v. Leone</u>, Civil No. 04-5763 (FLW). By Order entered December 6, 2004, in that action, Judge Wolfson directed the Clerk to file the petition in Civil No. 04-0148 (JBS) and administratively terminated the new action, Civil No. 04-5763 (FLW).  On February 10, 2005, Petitioner executed a Supplemental Petition in Civil No. 04-0148 (JBS), which the Clerk received for filing in that action on February 18, 2005.

The Petition, as supplemented, presents three grounds:

> Ground One:  Petitioner was deprived the effective assistance of counsel guaranteed him by the 6th Amendment of the United States Constitution.

Supporting Facts:  (1) Counsel failed to request the Trial Court to instruct the jury regarding the need for adequate corroboration of petitioner's statements; (2) Counsel failed to request instructions regarding the jury obligation to determine the credibility of petitioner's statements; (3) Counsel failed to object to the State's improper comments during the State's summation.

Ground Two:  Petitioner was deprived the effective assistance of Appellate Counsel guaranteed him by the 6th Amendment of the United States Constitution.

Supporting Facts:  Counsel failed to advance petitioner's argument that his verdict is against the weight of the evidence.  Counsel further deprived petitioner of Appellate review when counsel failed to advance petitioner's second Post Conviction Relief.

Ground Three:  Petitioner's verdict is against the weight of the evidence in-violation of his right to a fair trial guaranteed him by the 14th amendment of the United States Constitution.

Supporting Facts:  There was no evidence presented at trial to support the taking or demanding of any property.  A review of the grand jury minutes clearly shows there was never any evidence of the taking or demand of property.

(Am. Compl. signed Feb. 10, 2005, at 1-2.)

The State filed an Answer, arguing that the Petition is untimely and that the grounds raised do not warrant habeas relief.  Petitioner filed a Traverse seeking relief on the merits.

4

## II.  DISCUSSION

### A.  Statute of Limitations

On April 24, 1996, Congress enacted the AEDPA, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . . .

28 U.S.C. § 2244(d)(1).

The statute of limitations under § 2244(d) is subject to two tolling exceptions:  statutory tolling and equitable tolling.  Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998).

5

Section 2244(d)(2) requires statutory tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2). An application is "filed" when "it is delivered to, and accepted by, the appropriate court officer for placement into the official record."  Artuz v. Bennett, 531 U.S. 4, 8 (2000) (citations omitted).

> And an application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee . . . .  In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally . . . .  But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar.

Artuz, 531 U.S. at 8-9 (citations omitted).

The AEDPA statute of limitations is also subject to equitable tolling.  Miller, 145 F.3d at 618.  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 125 S.Ct. 1807, 1814

6

(2005). The Third Circuit instructs that equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005). Mere excusable neglect is not sufficient. Id.; Merritt, 326 F.3d at 168; Miller, 145 F.3d at 618-19; Jones v. Morton, 195 F.3d 153, 159 (3d Cir.1999).

Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768,

7

773 (3d Cir. 2003) (quoting <u>Valverde v. Stinson</u>, 224 F.3d 129, 134 (2d Cir. 2000)).

In this case, the applicable limitations provision is § 2244(d)(1)(A).  The Supreme Court of New Jersey denied Petitioner's petition for certification on direct review by order filed June 9, 1999.  <u>State v. Chapple</u>, 161 N.J. 149 (1999) (table).  The statute of limitations therefore began to run on September 7, 1999, the date on which the judgment became final by the expiration of the time for filing a petition for certiorari in the United States Supreme Court.  <u>See</u> <u>Long v. Wilson</u>, 393 F.3d 390 394 (3d Cir. 2004); <u>Kapral v. United States</u>, 166 F.3d 565, 575 (3d Cir. 1999); 28 U.S.C. § 2244(d)(1)(A).  The limitations period ran for 135 days, and was statutorily tolled on January 20, 2000, when Petitioner executed his post conviction relief petition and presumably handed it to prison officials for mailing to the Law Division.  The statute of limitations picked up again on May 22, 2002, the day after the Supreme Court of New Jersey denied certification on post conviction review.  <u>State v. Chapple</u>, 172 N.J. 358 (2002) (table).  The statute of limitations ran for the final 230 days until it expired on January 7, 2003.  The Clerk of this Court received Petitioner's original unsigned § 2254 Petition on January 12, 2004, almost one year after the

statute of limitations expired.[1]  Under these circumstances, the Petition is untimely unless Petitioner is entitled to equitable tolling.  See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Nara v. Frank, 264 F.3d 310, 315 (3d Cir. 2001); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

Petitioner does not argue that the limitations period should be equitably tolled.  This Court has reviewed the submissions of the parties and has found no extraordinary circumstance that might warrant equitable tolling of the limitations period.  Under these circumstances, the statute of limitations expired on January 7, 2003.  Because Petitioner did not file his § 2254 Petition until after January 7, 2003, and because he was not entitled to equitable tolling, his Petition is barred by the statute of limitations.  This Court dismisses the Petition as untimely.  28 U.S.C. § 2244(d)(1).

B.  Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme

---

[1] Petitioner does not argue that he handed the Petition to prison officials for mailing prior to January 8, 2003, and this Court finds nothing in the record indicating that he did so.

9

Court held:  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

The Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

### III.   CONCLUSION

Based on the foregoing, the Court dismisses the Petition for a Writ of Habeas Corpus with prejudice as untimely and denies a certificate of appealability.


                                    **s/ Jerome B. Simandle**
                                    JEROME B. SIMANDLE, U.S.D.J.


DATED:  **November 22**   , **2005**


10